UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID JOERN AND DENNIS JOERN, <br><br> Plaintiffs, <br><br> vs. <br><br> OCWEN LOAN SERVICING, LLC, a Florida Corporation, et al., <br><br> Defendants. | No. CV-10-134-JLQ <br><br> ORDER GRANTING MOTION TO DISMISS |

     On December 20, 2010, Plaintiffs filed a Motion to Dismiss requesting dismissal of all "the claims against Defendants in agreement with the settlement." Ct. Rec. 77 at 2. The Motion does not state whether the agreement of the parties is for dismissal with or without prejudice. Federal Rule of Civil Procedure 41 governs dismissal of actions. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper....Unless the order states otherwise, a dismissal under this paragraph is without prejudice." Rule 41(a) (2) is a "broad grant of discretion" allowing district courts to determine whether a dismissal should be with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2001). Rule 41(a) (2) "does not contain a preference for one kind of dismissal or another." *Id*.

     As stated, in the instant case, Plaintiffs request a dismissal without specifying whether the terms of the settlement agreement provided for a dismissal with or without

ORDER - 1

prejudice.[1] Plaintiffs' proposed Order filed with the court, however, proposes the dismissal be granted <u>with prejudice</u>. Plaintiffs have accordingly left this matter to the discretion of the court. A dismissal pursuant to a settlement should be a full and complete resolution of liability between the parties and should therefore finally end a lawsuit. Accordingly, the dismissal shall be with prejudice.

IT IS HEREBY ORDERED: The Clerk of this court shall enter judgment of dismissal with prejudice of the Third Amended Complaint and the claims therein without costs or attorneys fees to any party. The Clerk of this court shall enter this Order and judgment, forward copies to counsel, and close this file.

Dated this 20th day of December, 2010.

                        s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have been represented by a Rule 9 Intern and attorney Alan McNeil. The federal court system does not have a "Rule 9". The court has permitted the intern to appear, participate, and file documents in this case because the rules for Rule 9 interns require the supervising lawyer to "direct, supervise and review all of the work of the legal intern" and "assume personal professional responsibility for any work undertaken by the legal intern while under the lawyer's supervision." The foregoing is not meant to be criticism of Ms. Mediina whose efforts and those of the Gonzaga University Law School Clinic have avoided the foreclosure on and sale of the Plaintiffs' family home.

ORDER - 2